**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANA VICTORIA PEREZ-RAMOS, et al. | * * * |
| Plaintiffs | * * |
| v. | *   Civil No. 08-1574(SEC) |
| SPIRIT AIRLINES, INC., et al | * * * * |
| Defendants | * |

**OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss (Docket # 9) filed by co-defendant, American Airlines, Inc., who subsequently reached an undisclosed settlement with Plaintiffs, and joined by Spirit Airlines, Inc. ("Defendant")(Docket # 10). Plaintiffs failed to file an opposition. For the reasons set forth below, this Court shall **GRANT in part and DENY in part** the motion to dismiss.

**Factual Background**

On May 22, 2007, Plaintiffs, Victoria Perez Ramos ("Perez") and Kelvin Zapata Perez ("Zapata"), along with members of their extended family arrived at the Luis Munoz Marin International airport in order to take a flight to Orlando, where they had planned a family holiday. Zapata, a minor, is paraplegic and wheelchair bound. After being seated on their flight, the Sprit Airlines crew allegedly informed Plaintiffs that they would have to disembark the plane because of Zapata's position in the seat. The flight departed without Plaintiffs, taking with it their luggage and Zapata's medicine. Defendant then tried to arrange for Plaintiffs to fly with American Airlines, but they were allegedly denied boarding passes due to the same discriminatory reasons.

As a result, Plaintiffs' travel plans were delayed several days, until they could arrange for an alternate flight on Delta Airlines. They allege that Defendant never refunded their

tickets, and that they suffered great emotional distress and pain as a result of this incident. Plaintiffs then brought the present action for ". . . pain and suffering, emotional damages and mental anguish caused to the plaintiffs due to the willful, arbitrary and capricious discrimination inflicted by the defendants and the intentional, grossly negligent and deliberately indifferent acts of defendants to the plaintiffs." Docket # 1 at 1. Defendant responded with a motion to dismiss, alleging that Plaintiffs' claims under federal discrimination statutes, airline regulation statutes, and local law, are either preempted, or inapplicable to the case at hand.

**Standard of Review**

*FED. R. CIV. P. 12(b)(6)*

In assessing whether dismissal for failure to state a claim is appropriate, a court must take "plaintiffs' well-pleaded facts as true and [indulge] all reasonable inferences therefrom to their behalf." Buck v. Am. Airlines, Inc., 476 F. 3d 29, 32 (1st Cir. 2007). However, even at the motion to dismiss stage, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Id. at 33; see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Therefore, "even under the liberal pleading standards of FED. R. CIV. P. 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007). Complaints do not need detailed factual allegations. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). However, factual allegations must be enough to raise a right to relief above the speculative level. Id.

**Applicable Law and Analysis**

*The Americans With Disabilities Act*

Plaintiff alleges that Defendant violated their rights under the Americans With Disabilities Act ("ADA"). 42 U.S.C. § 12181(10). Defendant counters that the ADA does not apply to air travel. More specifically, Defendant argues that the ADA explicitly exempts airlines, and that disability-access issues in air travel are covered by the pre-ADA Air

Carriers Access Act, 49 U.S.C. § 41705 et seq. ("ACAA").  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1332 (11th Cir. 2004). This Court has found no case law from the First Circuit challenging this assertion. In light of Plaintiff's failure to oppose the motion to dismiss, the plain language of the statute, and the relevant case law,  this Court is inclined to agree with Defendant that the ADA does not apply to air travel. 42 U.S.C. § 12181(10). Accordingly, Plaintiff's claims under the ADA are **DISMISSED with prejudice**.

*The ACAA*

Plaintiffs also allege that Defendant is liable under the ACAA. Nevertheless, several circuit courts have used emphatic language to the effect that ". . . ACAA does not expressly provide a private entitlement to sue in district court." Love v. Delta Air Lines, 310 F.3d 1347, 1354 (11th Cir. 2002); Boswell v. Skywest Airlines, Inc., 361 F.3d 1263, 1266 (10th Cir. 2004); Access Now, Inc., 385 F.3d at 1332. Despite the conclusiveness of the above language, this point of law is not entirely clear. The Fifth and Eighth Circuits have specifically held that the ACAA does provide a private right of action. Bynum v. Am. Airlines, 166 Fed. Appx. 730, 733 (5th Cir. 2006)(noting that "the Department of Transportation has primary jurisdiction over claims for injunctive relief . . ."); Shinault v. American Airlines, Inc., 936 F.2d 796, 800 (5th Cir. 1991);  Tallarico v. Trans World Airlines, Inc., 881 F.2d 566, 570  (8th Cir. 1989). Furthermore, First Circuit district courts have stated that ". . .notwithstanding the failure of Congress to explicitly provide a remedy for acts of discrimination under the ACAA, Congress intended that a qualified handicapped person who was subjected to discrimination could bring suit in the federal courts for some sort of relief." Deterra v. Am. W. Airlines, 226 F. Supp. 2d 298, 311 (D. Mass. 2002). Moreover, federal regulations include a general prohibition against discrimination (14 C.F.R. 382.7), and 14 C.F.R. 382.31 has a specific ". . . prohibition against 'refusal' of transportation . . . ," Detarra, 226 F. Supp 2d at 306.

While this Court would be inclined to agree with Detarra, the general post Alexander v. Sandoval, 532 U.S. 275, 121 S. Ct. 1511 (2001), trend is to deny the existence of a private

right of action in ACAA cases. Accordingly, as Plaintiffs have not opposed the motion to dismiss, their ACAA claims shall be **DISMISSED with prejudice**.

*State Law Claims*

Plaintiffs have not explicitly plead diversity jurisdiction, but its existence is implicit from the facts laid out in the Complaint. Therefore, this Court will proceed to analyze the viability of Plaintiffs claims arising from the laws of the Commonwealth of Puerto Rico.

The Warsaw Convention is preemptive of all "all personal injury cases stemming from occurrences on board an aircraft or in embarking or disembarking." El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 174, 119 S.Ct. 662 (1999); Acevedo-Reinoso v. Iberia Líneas Aéreas de España S.A., 449 F.3d 7, 11 (1st Cir. 2006). However, the present action does not involve personal injury, and Defendant has not alleged the applicability of the Warsaw Convention. Instead, it pleads that Plaintiffs' Commonwealth law claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 40101 et seq., and that the Department of Transportation ("DOT") has exclusive jurisdiction. See Docket # 9 at 5.

The Airline Deregulation Act preempts state laws regulating the ". . . price, route, or service of an air carrier." The case Defendant cites, Garland De Jesus v. Am. Airlines, Inc., 532 F. Supp. 2d 345, 355 (D.P.R. 2007), is not on point for the present controversy. De Jesus revolved around the applicability of the Puerto Rico Department of Consumer Affairs' ("DACO") regulations regarding the advertising and marketing of tickets. Because it dealt directly with the regulation of airline marketing, said case undoubtedly fell within the Airline Deregulation Act's sphere of preemption. On the other hand, the present controversy focuses on claims for damages arising from alleged discriminatory acts against a disabled passenger.

Sherqeirat v. U.S. Airways Group, Inc., 515 F.Supp. 2d 984, 1007 (D. Minn. 2007), recognizes that there is split between the circuits with regards to how expansive the Airline Deregulation Act's definition of service is. For example, the Ninth Circuit ruled that the ADA does not preempt personal injury tort and discrimination claims. Newman v. American Airlines, Inc., 176 F.3d 1128, 1131 (9th Cir. 1999); see also Taj Mahal Travel, Inc. v. Delta

Airlines Inc., 164 F.3d 186, 194 (3d Cir.1998).  However, "[t]he Fourth, Fifth, Seventh, and Eleventh Circuits define an airline's "services" more broadly to include boarding procedures." Sherquirat, 515 F. Supp 2d at 1007.  For example, Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1257-59 (11th Cir. 2003), stated that "services" within the Airline Deregulation Act included "the physical transportation of passengers ... and the incidents of that transportation over which air carriers compete."

The First Circuit has, as of yet, not expressed its stance on how to interpret "services" within the context of the Airline Deregulation Act. However, this Court notes that the statute in question aimed to break down state regulations that impeded efficient competition in the air travel industry. A general claim for discrimination, or breach of contract, does not emanate from any state regulation of the airlines, rather the Puerto Rico Civil Code or other local anti-discrimination statutes. As such, a first glance Plaintiffs' Commonwealth damages claims do not appear to be necessarily preempted.

Notwithstanding, Plaintiffs have failed to present a coherent state law claim. Furthermore, the local statute cited in the Complaint does not logically correspond with the facts pleaded. Nevertheless, the face of the Complaint suggests that this Court retains diversity jurisdiction. Accordingly, Plaintiffs are **ORDERED** to show cause within **10 days** why their state law claims are not preempted, and should not be dismissed with prejudice. This Court will reconsider this issue, if necessary, at the summary judgment stage.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of March, 2009.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. SENIOR DISTRICT JUDGE