## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ANA VICTORIA PEREZ-RAMOS, et al.

Plaintiffs

v.

SPIRIT AIRLINES, INC., et al

Defendants

Civil No. 08-1574 (SEC)

## OPINION AND ORDER

Pending before this Court is Defendant Spirit Airlines, Inc.'s ("Spirit" or "Defendant") motion to dismiss (Docket # 23) . Once again, Plaintiffs's counsel has failed to file an opposition.  For the reasons set forth below, Spirit's motion is **partially DENIED**.

### Factual Background

On March 25, 2009, this Court entered an Opinion & Order (Docket # 20) dismissing Plaintiffs' federal law claims brought against Spirit for allegedly refusing to carry Kelvin Jotuel Zapata-Perez, a wheelchair-bound paraplegic, because of his disabilities. While the federal claims were dismissed, this Court did not dismiss the state law claims, although they were not properly alleged in the Complaint. Accordingly, this Court ordered Plaintiffs to show cause within 10 days why their state law claims should not be dismissed with prejudice. Plaintiffs' counsel nominally complied with the show cause order, and shortly thereafter, Defendant filed the present "Motion to dismiss in Response to Plaintiffs' Motion to Show Cause." Noting that the pleadings from both parties have been deficient, both in form and content, this Court will once again review the legal standing of Plaintiffs' state law claims.

### Standard of Review

*FED. R. CIV. P. 12(b)(1)*

FED. R. CIV. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001).  Under

this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness,  mootness, and the existence of a federal question.  Id. (citations omitted). When faced with a similar jurisdictional challenge,  this Court must ". . . give weight to the well-pleaded factual averments in the operative pleadings [. . .] and indulge every reasonable inference in the pleader's favor." Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec., 510 F.3d 1, 8 (1st Cir.2007).

A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001). However, in order for a plaintiff's claim to be dismissed for lack of subject matter jurisdiction, due to the inadequacy of the plaintiff's federal claim, that claim must be ". . . so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974). In this context, this Court is empowered to resolve factual disputes by making reference to evidence in the record beyond the plaintiff's allegations without having to convert the motion to dismiss into one for summary judgment. See Lord, 789 F. Supp. at 33 (D. Me. 1992); see also SURCCO, 157 F. Supp. 2d at 163 (D. P.R. 2001). "Where a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." Hernández-Santiago v. Ecolab, Inc., 397 F. 3d 30 (1st Cir. 2005). Therefore, the court may consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic, 221 F. 3d at 38. That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. Id.

### Applicable Law & Analysis

*Viability of Plaintiffs' State Law Claims*

In response to  Plaintiff's motion to show cause ,Defendant submits the motion presently under review, arguing that there is no state-law cause of action for an airline's discriminatory denial to transport a handicapped passenger. For the reasons set forth bellow, this Court cannot agree with Defendant's assertions.

Cases from diverse circuits where preemption under Section 41713(b) has been consistently found include those turning on questions of consumer fraud, deceptive fare advertisements, policies regarding the return of tax on canceled tickets, and ticket surcharges. See Alshrafi v. Am. Airlines, Inc., 321 F. Supp. 2d 150, 158 n. 8 (D. Mass. 2004). This Court agrees with Alshrafi that, "the fact that numerous federal courts have declined to construe the [Airline Deregulation Act] to preempt a variety of state tort and discrimination claims arising from airline conduct strongly suggests that these fields have not been completely preempted for purposes of federal question jurisdiction." Id. Various district courts in the First Circuit have refused to find preemption in the context of contract and tort claims, which were seen as outside of the realm of airline regulation.

Furthermore, Puerto Rico law permits a claim for moral damages, even under contractual situations. Pereira v. I.B.E.C., 95 P.R.R. 80, 82 (1967); see also De Jesus v. Ponce Housing Corp., 104 D.P.R. 885, 4 P.R. Offic. Trans. 1241 (1976). The present claim is for discrimination, and refusal to transport, and is thus factually distinct from the case law presented by Defendants, averring that mental anguish is not an available remedy for violations of an air transportation contract. See Docket # 23 (citing Matos Rodriguez v. Eastern Airlines, 108 D.P.R. 217 (1978) (no translation provided). Accordingly, this Court finds that a valid claim exists under state law, and Defendant's motion to dismiss on these grounds is hereby **DENIED**.

**Civil No. 08-1574**                                                                                4

*Jurisdictional Minimum*

Defendants claim that Plaintiffs' claims do not meet the jurisdictional minimums set forth in 28 U.S.C. § 1332(a). Said statute states that district courts shall have jurisdiction in diversity cases where the matter in controversy exceeds $75,000. Pursuant to <u>Bonilla v. Chardon</u>, 118 D.P.R. 599 (1987), Defendant alleges that similar state law claims for denial of services due to handicap have brought awards far bellow the $75,000 threshold. Said case involved a disabled child who had been denied educational services, and ended in an award of $18,000 for the student, and $5,000 for each of his parents. However, not only did <u>Bonilla</u> involve different facts, but the case is now over twenty years old, suggesting that any numbers regarding damages awards would now be significantly greater due to inflation. Furthermore, federal litigation is conducted with jury trials, where the Commonwealth courts rely exclusively on bench trials. The practical result of this structural difference is that damages awards are significantly higher in the federal system. Moreover, federal jury awards follow the lead of both P.R., and other U.S. jurisdictions, further increasing the stakes versus the Commonwealth courts. <u>Soto-Lebron v. Fed. Express Corp.</u>, 538 F.3d 45, 70 (1st Cir. 2008). In light of the foregoing, this Court cannot rely on <u>Bonilla</u> to grant dismissal. However, Defendant's claims with regards to the jurisdictional minimum are far from frivolous. Therefore, the motion to dismiss on these grounds shall be **DENIED without prejudice**, and the parties are ordered to prepare for oral arguments on this issue at the proximate Status Conference, and to engage in limited discovery on this jurisdictional issue.

**Conclusion**

Defendant's motion to dismiss with regards to Plaintiff's state law claims is **DENIED**. However, in light of the possibility that this case could fall below the jurisdictional threshold established in 28 U.S.C. § 1332(a), the parties are advised that they shall be prepared to discuss this issue during the Status Conference.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of June, 2009.

**Civil No. 08-1574**                                                                 5

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. SENIOR DISTRICT JUDGE